IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

2013 APR 12 PM 4:25

DEPUTY CLERK_____

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | No. **3-13 CR-131-D** |
| v. | § | |
| | § | |
| CALIFCO, LLC | § | |

## PLEA AGREEMENT

Califco, LLC, the defendant, the defendant's attorney, Richard Roper, and the

United States of America agree as follows:

1. **Rights of the defendant**: Califco, LLC understands that it has the rights:

    a.      to plead not guilty;

    b.      to have a trial by jury;

    c.      to have its guilt proven beyond a reasonable doubt;

    d.      to confront and cross-examine witnesses and to call witnesses in its
            defense; and

    f.      to grand jury indictment.

2. **Waiver of rights and plea of guilty**: Califco, LLC  agrees to waive these

rights and plead guilty to the offense alleged in Count One of the Information in this case,

charging it with a violation of 42 U.S.C. § 7413(c)(2)(B), that is, Failure to Notify Under

the Clean Air Act.  Califco, LLC understands the nature and elements of the crime to

which it is pleading guilty, and agrees that the factual resume its representative has signed

Plea Agreement - Page 1

is true and understands that it will be submitted to the Court as evidence.

3.     **Sentence**:  The maximum penalties the Court can impose include:

a.     A term of probation of not more than five years;

b.     a fine not to exceed $500,000.00, or twice any pecuniary gain to the Califco, LLC or loss to the victim(s);

d.     a mandatory special assessment of $400.00 for conviction on Count One, and

e.     restitution to the victims and the community.

4.     **Role of the Sentencing Guidelines**: Calfico, LLC understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The guidelines are not binding on the Court, but are advisory only.  Califco, LLC has reviewed the guidelines with its attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.

5.     **Sentencing agreement**:  Notwithstanding the maximum possible sentence available under the applicable statutes in this case, pursuant to Rule 11(c)(1)(B), FED. R. CRIM. P., the parties agree that the appropriate sentence in this case is as follows:

a.     probation for the corporation for a period of five years;

b.     a mandatory special assessment of $400.00, payable as set out below;

c.     a fine in the amount of $500,000 to be paid by the date of sentencing.

6.     **Rejection of sentencing agreement:**   Califco, LLC understands that if the

Plea Agreement - Page 2

Court rejects the sentencing agreement set forth in paragraph five, it will have no right to move to withdraw its guilty plea.

7.      **Mandatory special assessment**: The mandatory special assessment amount of $400.00 shall be paid at the time of execution of this plea agreement. Payment shall be in the form of a cashier's check, payable to the US District Clerk for the Northern District of Texas, and delivered to the United States Attorney's office. The United States Attorney shall hold this check until the time of sentencing, at which time the payment will be forwarded to the District Clerk.

8.      **Defendant's agreement**: Califco, LLC shall give complete and truthful information and/or testimony concerning its participation in the offense of conviction. Califco, LLC shall submit a financial statement under oath prior to the entry of its guilty plea and submit to interviews by the government and the U.S. Probation Office regarding its capacity to satisfy any fines or restitution. Califco, LLC fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution or fine, Califco, LLC agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Califco, LLC's full and immediately enforceable financial obligation. Califco, LLC understands that it has a continuing obligation to pay in full as soon as possible any financial obligation imposed

Plea Agreement - Page 3

by the Court.  Until its financial obligation is paid in full, Califco, LLC further agrees that it is restrained from: (1) transferring, selling, gifting, or in any other way disposing of any asset or property with a cost or fair market value of $300 or more, or (2) transferring, selling, or gifting any assets or property to any individual or entity with an aggregate cost or fair market value of $300 or more.

9.      **Government's agreement**: With the exception of the criminal charges against Jonathan Shokrian, the government agrees that it will not bring any additional criminal charges against Califco, LLC, or against any of Califco, LLC's current officers or employees, based upon the conduct underlying and related to Califco, LLC's plea of guilty and that occurred prior to the date of entry of this plea agreement.  The government's undertaking and agreements set forth in this plea agreement are limited to the United States Attorney's Office for the Northern District of Texas and do not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Califco, LLC or any property.

10.      **Requirement for corporate resolution**: This plea agreement will be executed by Califco, LLC's Chief Executive Officer and President, Elias Shokrian.  Prior to signing the plea agreement, Califco, LLC will obtain from the board of directors of Califco, LLC  appropriate resolutions authorizing the execution of this plea agreement, which will be provided to the U.S Attorney's Office not later than the date of entry of this guilty plea.  By entering into this plea agreement, Elias Shokrian expressly represents to

Plea Agreement - Page 4

the Court and to the United States that he has the power and authority to bind the defendant corporation, Califco, LLC, to this plea agreement.

11. **Violation of agreement**: Califco, LLC understands that if it violates any provision of this agreement, or if this guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Califco, LLC, Elias Shokrian and Jonathan Shokrian, for all offenses of which it has knowledge. In such event, Califco, LLC waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than it was involuntary, Califco, LLC also waives objection to the use against it of any information or statements it has provided to the Government and any resulting leads.

12. **Waiver of right to appeal or otherwise challenge sentence**: Califco, LLC waives any rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from its conviction and sentence. Califco, LLC further waives the right to contest this conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Califco, LLC, however, reserves the rights to bring (a) a direct appeal of a sentence exceeding the statutory maximum punishment, (b) a direct appeal asserting a sentence in violation of this plea agreement or (c) a claim of ineffective assistance of counsel.

13. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14.  **Representation of counsel**:  Califco, LLC has thoroughly reviewed all legal and factual aspects of this case with its lawyer and is fully satisfied with that lawyer's legal representation.  Califco, LLC has received from its lawyer explanations satisfactory to Califco, LLC concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to Califco, LLC other than entering into this agreement.  Because Califco, LLC concedes that it is guilty, and after conferring with its  lawyer, Califco, LLC has concluded that it is in its best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[NO FURTHER INFORMATION ON THIS PAGE]

Plea Agreement - Page 6

15.     **Entirety of agreement**:  This document is a complete statement of the parties' agreement as to resolution of this criminal case and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this _____ day of _____, 2013.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
CALIFCO, LLC
Defendant
By: Elias Shokrian
Title: President & Chief Executive Officer

_____
ERRIN MARTIN
Assistant United States Attorney
Texas Bar No. 24032572
1100 Commerce, 3d Floor
Dallas, Texas  75242
Telephone: 214.659.8838
Facsimile: 214.659.8805

_____
RICHARD ROPER
Attorney for Defendant

_____
GARY C. TROMBLAY
Deputy Criminal Chief

**Plea Agreement - Page 7**

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.


_____          _Apnl 9, 2013_____
CALIFCO, LLC                              Date
Defendant
       By: Elias Shokrian
       Title: President & Chief Executive Officer


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.


_____          _Apnl 9 2013_____
RICHARD ROPER                             Date
Attorney for Defendant